# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-049 |
| | ) | CR419-099 |
| DEMETRIUS LAMAR JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Demetrius Lamar Jackson is charged with a variety of violent crimes, committed both in this district and charged in case CR419-049, and in the Northern District of Georgia and charged in case CR419-099. The charges arising from conduct in the Northern District were transferred to this Court pursuant to Fed. R. Crim. P. 20. *See* CR419-099, doc. 1. Plea agreements were noticed by the Government. *See* CR419-049, doc. 54; CR419-099, doc. 2. Jackson was scheduled to change his plea in both cases to guilty. *See* CR419-049, docket entry dated 11/05/2019; CR419-099, docket entry dated 11/05/2019. At that hearing, Jackson indicated to the District Judge that he was dissatisfied with the representation provided by his appointed counsel. The District Judge construed those complaints as oral motions for substitute counsel and

referred them to the undersigned. On December 17, 2019, the Court held a hearing on the motions.

At the hearing, the Government represented that, in its dealings with Jackson's appointed counsel, Arvo Henifin, it had observed no problems. The Assistant United States Attorney informed the Court that, during his dealings with Mr. Henifin, he had found Henifin well-prepared and zealous on his client's behalf. He further stated that, in his opinion, Mr. Henifin had been extremely successful in his advocacy, considerably reducing the possible sentence under the plea agreement. He went so far as to describe the result as "extraordinary."

The Court excused the Government and conducted a portion of the hearing *ex parte*. Without disclosing any details, the information from Mr. Henifin and Jackson confirmed that the difficulties that led to Jackson's complaint were of his own making. Both agreed that Henifin had attempted to communicate with Jackson, but those attempts were rebuffed. Both also agreed that Jackson had made threats against Henifin. While the Court sympathises with the difficult situation, it cannot allow defendants to manufacture conflicts with their appointed attorneys merely to disqualify counsel.

Although the Constitution guarantees criminal defendants a right to effective representation, the Supreme Court has explained that it does not guarantee "a 'meaningful relationship' between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1, 14 (1983). "A defendant's general loss of confidence or trust is *not* sufficient." *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) (emphasis added) (citation omitted). It is equally clear that "[a] defendant, by unreasonable silence or intentional lack of cooperation, cannot thwart the law as to appointment of counsel." *Id*. Further, any attorney the Court appoints could be subjected by Jackson to the same unruly behavior to which he has subjected Mr. Henifin. "[T]o appoint new counsel would merely result in the transfer of current defense counsel's problems to a new attorney, who would then be entitled to withdraw as well if the underlying reason for the current counsel's request has merit." *United States v. Thomas*, 347 F. Supp. 2d 1209, 1210 (M.D. Ala. 2004).

The testimony at the hearing established that Mr. Henifin is an experienced litigator who is able and willing to represent Jackson in any further proceedings in this case. Mr. Henifin has met with his client on several occasions—on several other occasions his attempts to meet have

3

been thwarted by Jackson's unreasonable intransigence—and is prepared to defend the case at trial if that is the course defendant elects. There is, thus, *no* good-cause to replace Mr. Henifin. The Court cannot permit a defendant's belligerence to circumvent the good-cause requirement in such a manner. The motion to appoint new counsel is **DENIED**.

**SO ORDERED,** this 20th day of December, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA